IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FUJINON CORPORATION, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | C.A. No. 07-533 (GMS) |
| | ) | |
| MOTOROLA, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## DEFENDANT MOTOROLA, INC.'S
## AMENDED ANSWER AND COUNTERCLAIM

Defendant Motorola, Inc. ("Motorola"), by its attorneys, responds to the averments made in the numbered paragraphs of the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Fujinon Corporation ("Fujinon") as follows:

1.      Upon information and belief, Motorola admits that Fujinon is a Japanese corporation with its principal place of business at 1-324 Uetake Kita-ku, Saitama, 331-9624, Japan.  Upon information and belief, Motorola admits that Fujinon previously operated under the name Fuji Photo Optical Co., Ltd..

2.      Motorola admits that it is a Delaware corporation with its principal place of business at 1301 E. Algonquin Road, Schaumburg, Illinois 60196-4041.  Motorola admits it conducts business in the United States, including the State of Delaware, and sells in the United States at least some of the mobile phone models identified in the Complaint that it imports and/or has manufactured for it.  Motorola admits that it has solicited business in the State of Delaware, is doing business in this judicial district, and has attempted to derive financial benefits in Delaware.  Motorola admits that it is a resident of this judicial district and has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

Delaware, New Castle County, 19801 as its registered agent. Except as expressly admitted, Motorola denies the averments in paragraph 2 of the Complaint.

3.      Motorola notes that there is no paragraph 3 in the Complaint.

## JURISDICTION AND VENUE

4.      Motorola admits that the Complaint purports to state a claim under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.* Motorola admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Except as expressly admitted, Motorola denies the averments in paragraph 4 of the Complaint.

5.      Motorola admits that its cellular phone products are placed into the stream of commerce in the United States and some of the cellular phone products related to this alleged cause of action have been offered for sale and/or sold within this judicial district. Except as expressly admitted, Motorola denies the averments in paragraph 5 of the Complaint.

6.      Motorola admits that this Court has personal jurisdiction over Motorola. Except as expressly admitted, Motorola denies the averments in paragraph 6 of the Complaint.

7.      Motorola admits that venue is proper in this judicial district. Except as expressly admitted, Motorola denies the averments in paragraph 7 of the Complaint.

## FACTS AND STATEMENT OF CLAIM

8.      Motorola admits that Exhibit A of the Complaint purports to be a copy of U.S. Patent No. 6,842,295 ("the '295 Patent"). Motorola states that according to the face of Exhibit A, the '295 Patent issued on January 11, 2005, and names Hiromitsu Yamakawa as inventor and Fuji Photo Optical Co., Ltd. as assignee. Motorola admits that the '295 Patent is titled "Imaging Lens Formed of Aperture Diaphragm and Only Two Lens Components." Motorola admits that the name change of Fuji Photo Optical Co., Ltd. to Fujinon was recorded in

the assignment records of the United States Patent and Trademark Office.  Except as expressly

admitted, Motorola denies the averments in paragraph 8 of the Complaint.

       9.     Motorola admits that Exhibit B of the Complaint purports to be a copy of

U.S. Patent No. 6,795,253 ("the '253 Patent").  Motorola states that according to the face of

Exhibit B, the '253 Patent issued on September 21, 2004, and names Yoshikaza Shinohara as

inventor and Fuji Photo Optical Co., Ltd. as assignee.  Motorola admits that the '253 Patent is

titled "Imaging Lens."  Motorola admits that the name change of Fuji Photo Optical Co., Ltd. to

Fujinon was recorded in the assignment records of the United States Patent and Trademark

Office.  Except as expressly admitted, Motorola denies the averments in paragraph 9 of the

Complaint.

       10.     Motorola admits that Exhibit C of the Complaint purports to be a copy of

U.S. Patent No. 6,961,191 B2 ("the '191 Patent").  Motorola states that according to the face of

Exhibit C, the '191 Patent issued on November 1, 2005, and names Kenichi Sato as inventor and

Fujinon Corporation as assignee.  Motorola admits that the '191 Patent is titled "Single Focus

Lens."  Except as expressly admitted, Motorola denies the averments in paragraph 10 of the

Complaint.

       11.     Motorola states that both the '295 Patent and the '253 Patent purport to be

directed to an imaging lens.  Motorola states that the '191 Patent purports to be directed to a

single focus lens.  Except as expressly admitted, Motorola denies the averments in paragraph 11

of the Complaint.

       12.     Motorola states that it is without knowledge or information sufficient to

form a belief as to the truth of the averments contained in paragraph 12 of the Complaint and,

therefore, denies them.

13.     Motorola denies the averments of paragraph 13 of the Complaint.

14.     Motorola denies the averments of paragraph 14 of the Complaint.

15.     Motorola denies the averments of paragraph 15 of the Complaint.

16.     Motorola denies the averments of paragraph 16 of the Complaint.

17.     Motorola admits that some cellular phone products that are alleged to
infringe are offered for sale and sold in the State of Delaware.  Except as expressly admitted,
Motorola denies the averments in paragraph 17 of the Complaint.

## COUNT I
### (Direct Infringement of the '295, '253, and '191 Patents)

18.     Motorola incorporates by reference its responses to the averments
contained in paragraphs 1-17 of the Complaint.

19.     Motorola denies the averments in paragraph 19 of the Complaint.

20.     Upon information and belief, Motorola first gained knowledge of the
Patents-in-Suit when Fujinon presented to Motorola the Patents-in-Suit on May 10, 2007, during
a meeting in Libertyville, Illinois.  Except as expressly admitted, Motorola denies the averments
in paragraph 20 of the Complaint.

21.     Motorola denies the averments in paragraph 21 of the Complaint.

## COUNT II
### (Inducement to Infringe the '295, '253, and '191 Patents)

22.     Motorola incorporates by reference its responses to the averments
contained in paragraphs 1-21 of the Complaint.

23.     Motorola denies the averments in paragraph 23 of the Complaint.

24.     Motorola denies the averments in paragraph 24 of the Complaint.

25.     Motorola denies the averments in paragraph 25 of the Complaint.

<u>COUNT III</u>
**(Contributory Infringement of the '295, '253, and '191 Patents)**

26.    Motorola incorporates by reference its responses to the averments contained in paragraphs 1-25 of the Complaint.

27.    Motorola denies the averments in paragraph 27 of the Complaint.

28.    Motorola denies the averments in paragraph 28 of the Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

As and for separate defenses to the averments contained in paragraphs 1-28 of the Complaint, Motorola avers as follows:

**<u>First Affirmative Defense</u>**
**(Patent Noninfringement)**

29.    Motorola has not infringed and is not infringing, directly or indirectly, any claim of the '295, '253, or '191 Patents.

**<u>Second Affirmative Defense</u>**
**(Patent Invalidity)**

30.    The '295, '253, and '191 Patents are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq*., including, without limitation, §§ 102, 103, and 112.

**<u>Third Affirmative Defense</u>**
**(Patent Unenforceability: Inequitable Conduct**
**and Infectious Unenforceability)**

**A.    The '253 Patent**

31.    Upon information and belief, the '253 Patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("USPTO") committed by one or more persons substantively involved in the prosecution of the '253 Patent

Application ("the '253 Applicants"), in violation of their duties to the USPTO of candor and good faith, and their duty to disclose material references.

32.     The application for the '253 Patent was filed on April 25, 2003, as U.S. Application No. 10/422,830 ("the '253 Patent Application"). The '253 Patent claims priority to JP 2002-132517, filed on May 8, 2002. The '253 Patent was issued on September 21, 2004.

33.     Independent claim 1 of the corresponding Japanese patent application as initially filed was similar in scope to claim 1 of the '253 Patent.

34.     Claim 1 of the corresponding Japanese patent application and claim 1 of the '253 Patent each recites a first, second, and third lens component with similar features required for each.

### Failure To Disclose JP 8-327906, JP 8-160298, JP 8-062498 and JP 10-010426

35.     JP 8-327906 was filed on March 11, 1996, published on December 13, 1996, and is prior art to the '253 Patent.

36.     JP 8-327906 was cited by the Japanese Patent Office ("JPO") during prosecution of the corresponding Japanese patent application to the '253 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application. JP 8-327906 would have been material to the examination of the '253 Patent Application.

37.     JP 8-160298 was filed on December 1, 1993, published on June 21, 1996, and is prior art to the '253 Patent.

38.     JP 8-160298 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '253 Patent. The JPO considered this reference highly relevant

to the claims of the corresponding Japanese patent application.  JP 8-160298 would have been

material to the examination of the '253 Patent Application.

   39. JP 8-062498 was filed on August 19, 1994, published on March 8, 1996,

and is prior art to the '253 Patent.

   40. JP 8-062498 was cited by the JPO during prosecution of the corresponding

Japanese patent application to the '253 Patent. The JPO considered this reference highly relevant

to the claims of the corresponding Japanese patent application.  JP 8-062498 would have been

material to the examination of the '253 Patent Application.

   41. JP 10-010426 was filed June 26, 1996, published on January 16, 1998, and

is prior art to the '253 Patent.

   42. JP 10-010426 was cited by the JPO during prosecution of the

corresponding Japanese patent application to the '253 Patent. The JPO considered this reference

highly relevant to the claims of the corresponding Japanese patent application.  JP 10-010426

would have been material to the examination of the '253 Patent Application.

   43. The claims of the corresponding Japanese patent application were rejected

twice by the JPO as being obvious in view of prior art.

   44. The JPO rejected the initially filed and examined claim 1 of the

corresponding Japanese patent application citing to JP 8-327906, JP 8-160298, and JP 8-062498.

In the rejection, the JPO examiner stated key features of the design could have been easily

implemented by persons skilled in the art.

   45. The '253 Applicants submitted arguments and an amendment to the

corresponding Japanese patent application while the '253 Patent was pending before the USPTO.

The JPO maintained its rejection and the '253 Applicants made further amendments to claim 1 of

the corresponding Japanese patent application.  The JPO maintained the rejection based on the

prior art previously cited, as well as JP 10-010426.  The added limitations are not present in at

least Claim 1 of the '253 Patent.

46.    The '253 Applicants never disclosed JP 8-327906, JP 8-160298, JP 8-062498, or JP 10-010426 to the USPTO during the prosecution on the '253 Patent.

47.    Upon information and belief, the '253 Applicants withheld from the Examiner, with deceptive intent, the existence of JP 8-327906, JP 8-160298, JP 8-062498, and JP 10-010426.

48.    Upon information and belief, but for the failure of the '253 Applicants to cite the omitted art, the claims of the '253 Patent would have been rejected and would not have been granted in their issued form.

49.    Upon information and belief, the omissions of material information alleged herein, taken alone or in combination, constitute inequitable conduct before the USPTO rendering the '253 Patent unenforceable.

**B.    The '191 Patent**

50.    Upon information and belief, the '191 Patent is unenforceable due to inequitable conduct before the USPTO committed by one or more persons substantively involved in the prosecution of the '191 Patent Application ("the '191 Applicants"), in violation of their duties to the USPTO of candor and good faith, and their duty to disclose material references.

51.    The application for the '191 Patent was filed on March 3, 2004, as U.S. Application No. 10/790,758 ("the '191 Patent Application").  The '191 Patent claims priority to JP 2003-094151, filed on May 31, 2003.   The '191 Patent was issued on November 1, 2005.

52.    Independent claim 1 of the corresponding Japanese patent application as initially filed was similar in scope to claim 1 of the '191 Patent.

53.    Claim 1 of the corresponding Japanese patent application and claim 1 of the '191 Patent each recites a first, second, and third lens component, with similar features required for each.

**Failure To Disclose JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097, JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208, and JP 62-005211**

54.    JP 11-052227 was filed on July 31, 1997, published on February 26, 1999, and is prior art to the '191 Patent.

55.    JP 11-052227 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 11-052227 would have been material to the examination of the '191 Patent Application.

56.    JP 10-111452 was filed on October 7, 1996, published on April 28, 1998, and is prior art to the '191 Patent.

57.    JP 10-111452 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 10-111452 would have been material to the examination of the '191 Patent Application.

58.    JP 9-281388 was filed on April 15, 1996, published on May 20, 1997, and is prior art to the '191 Patent.

59.    JP 9-281388 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant

to the claims of the corresponding Japanese patent application. JP 9-281388 would have been material to the examination of the '191 Patent Application.

60.     JP 8-234097 was filed on February 28, 1995, published on September 13, 1996, and is prior art to the '191 Patent.

61.     JP 8-234097 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application. JP 8-234097 would have been material to the examination of the '191 Patent Application.

62.     JP 63-271213 was filed on April 28, 1987, published on November 9, 1988, and is prior art to the '191 Patent.

63.     JP 63-271213 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application. JP 63-271213 would have been material to the examination of the '191 Patent Application.

64.     JP 62-116915 was filed on November 15, 1985, published on May 28, 1987, and is prior art to the '191 Patent.

65.     JP 62-116915 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application. JP 62-116915 would have been material to the examination of the '191 Patent Application.

66.     JP 62-109014 was filed on November 8, 1985, published on May 20, 1987, and is prior art to the '191 Patent.

67.    JP 62-109014 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 62-109014 would have been material to the examination of the '191 Patent Application.

68.    JP 62-030208 was filed on August 1, 1985, published on February 9, 1987, and is prior art to the '191 Patent.

69.    JP 62-030208 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 62-030208 would have been material to the examination of the '191 Patent Application.

70.    JP 62-005211 was filed on July 1, 1985, published on January 12, 1987, and is prior art to the '191 Patent.

71.    JP 62-005211 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 62-005211 would have been material to the examination of the '191 Patent Application.

72.    The JPO rejected independent claim 1 of the corresponding Japanese patent application, citing JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097, JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208 and JP 62-005211.

73.    During pendency of the '191 Patent Application before the USPTO, the named inventor of the '191 Patent, Fujinon's Japanese Patent Attorney of record, and others participated in an interview with the JPO Examiner to discuss the rejection and cited Japanese references.

74.     After the interview, the '191 Applicants substantially amended claim 1 of the corresponding Japanese patent application. The added limitations are not present in at least Claim 1 of the '191 Patent.

75.     The '191 Applicants never disclosed JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097, JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208, or JP 62-005211 to the USPTO during the prosecution of the '191 Patent Application.

76.     Upon information and belief, the '191 Applicants withheld from the Examiner, with deceptive intent, the existence of JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097, JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208, and JP 62-005211.

77.     Upon information and belief, but for the failure of the '191 Applicants to cite the omitted art, the claims of the '191 Patent would have been rejected and would not have been granted in their issued form.

78.     Upon information and belief, the omissions of material information alleged herein, taken alone or in combination, constitute inequitable conduct before the USPTO rendering the '191 Patent unenforceable.

### C.     The '295 Patent

79.     Motorola incorporates by reference and re-avers Paragraphs 31 through 78 above.

80.     Upon information and belief, the '295 Patent is unenforceable as a result of inequitable conduct committed during prosecution of the '253 Patent and the '191 Patent, whose applications (a) were prosecuted at the same time as the '295 Patent, (b) involve similar technology as the '295 Patent, and (c) are being asserted together against Motorola with the '295 Patent in this action.  Accordingly, the inequitable conduct committed during the prosecution of

the '253 Patent and the '191 Patent renders the '295 Patent unenforceable under the Doctrine of Infectious Unenforceability.

## COUNTERCLAIMS

For its counterclaims against plaintiff Fujinon Corporation ("Fujinon"), defendant Motorola, Inc. ("Motorola") avers as follows:

### JURISDICTION AND VENUE

1.      These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 based on an actual, justiciable controversy concerning the validity, enforceability, and infringement of U.S. Patent No. 6,842,295 ("the '295 Patent"), U.S. Patent No. 6,795,253 ("the '253 Patent), and U.S. Patent No. 6,961,191 ("the '191 Patent") by virtue of Fujinon's Complaint in this action.

2.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

3.      Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

4.      Counter-claimant Motorola is a Delaware corporation with its principal place of business at 1301 E. Algonquin Road, Schaumburg, Illinois, 60196-4041.

5.      Counter-defendant Fujinon is a Japanese corporation with its principal place of business at 1-324 Uetake Kita-ku, Saitama, 331-9624, Japan.

### COUNT I
### (Patent Non-Infringement)

6.      Counter-claimant Motorola incorporates by reference and re-avers Paragraphs 1 through 5 above.

7.     An actual controversy exists between Motorola and Fujinon concerning the alleged infringement of the '295 Patent, the '253 Patent, and the '191 Patent by virtue of the allegations of Fujinon's Complaint in this action.

8.     Defendant Motorola has not infringed, and does not infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '295 Patent, the '253 Patent, or the '191 Patent, either willfully or otherwise.

9.     Motorola seeks a declaration from this Court that it does not infringe any claim of the '295 Patent, the '253 Patent, or the '191 Patent.

## COUNT II
### (Patent Invalidity)

10.     Counter-claimant Motorola incorporates by reference and re-avers Paragraphs 1 through 9 above.

11.     An actual controversy exists between Motorola and Fujinon concerning the validity of the '295 Patent, the '253 Patent, and the '191 Patent by virtue of the allegations of Fujinon's Complaint in this action.

12.     Each of the claims of the '295 Patent, the '253 Patent, and the '191 Patent is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 102, 103, 112, and 120.

13.     Motorola seeks a declaration from this Court that the claims of the '295 Patent, the '253 Patent, and the '191 Patent are invalid.

## COUNT III
### (Patent Unenforceability – Inequitable Conduct as to the '253 Patent)

14.     Counter-claimant Motorola incorporates by reference and re-avers Paragraphs 1 through 13 above.

15.    An actual controversy exists between Motorola and Fujinon concerning the enforceability of the '253 Patent by virtue of the allegations of Fujinon's Complaint in this action.

16.    Upon information and belief, the '253 Patent is unenforceable due to inequitable conduct before the USPTO committed by one or more persons substantively involved in the prosecution of the '253 Patent Application ("the '253 Applicants"), in violation of their duties to the USPTO of candor and good faith, and their duty to disclose material references.

17.    The application for the '253 Patent was filed on April 25, 2003, as U.S. Application No. 10/422,830 ("the '253 Patent Application").  The '253 Patent claims priority to JP 2002-132517, filed on May 8, 2002.  The '253 Patent was issued on September 21, 2004.

18.    Independent claim 1 of the corresponding Japanese patent application as initially filed was similar in scope to claim 1 of the '253 Patent.

19.    Claim 1 of the corresponding Japanese patent application and claim 1 of the '253 Patent each recites a first, second, and third lens component with similar features required for each.

**Failure To Disclose JP 8-327906,
JP 8-160298, JP 8-062498, and JP 10-010426**

20.    JP 8-327906 was filed on March 11, 1996, published on December 13, 1996, and is prior art to the '253 Patent.

21.    JP 8-327906 was cited by the Japanese Patent Office ("JPO") during prosecution of the corresponding Japanese patent application to the '253 Patent.  The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 8-327906 would have been material to the examination of the '253 Patent Application.

22.    JP 8-160298 was filed on December 1, 1993, published on June 21, 1996, and is prior art to the '253 Patent.

23.    JP 8-160298 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '253 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 8-160298 would have been material to the examination of the '253 Patent Application.

24.    JP 8-062498 was filed on August 19, 1994, published on March 8, 1996, and is prior art to the '253 Patent.

25.    JP 8-062498 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '253 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 8-062498 would have been material to the examination of the '253 Patent Application.

26.    JP 10-010426 was filed June 26, 1996, published on January 16, 1998, and is prior art to the '253 Patent.

27.    JP 10-010426 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '253 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 10-010426 would have been material to the examination of the '253 Patent Application.

28.    The claims of the corresponding Japanese patent application were rejected twice by the JPO as being obvious in view of prior art.

29.    The JPO rejected the initially filed and examined claim 1 of the corresponding Japanese patent application citing to JP 8-327906, JP 8-160298, and JP 8-062498.

In the rejection, the JPO examiner stated key features of the design could have been easily implemented by persons skilled in the art.

30.     The '253 Applicants submitted arguments and an amendment to the corresponding Japanese patent application while the '253 Patent Application was pending before the USPTO.  The JPO maintained its rejection and the '253 Applicants made further amendments to claim 1 of the corresponding Japanese patent application.  The JPO maintained the rejection based on the prior art previously cited, as well as JP 10-010426.  The added limitations are not present in at least Claim 1 of the '253 Patent.

31.     The '253 Applicants never disclosed JP 8-327906, JP 8-160298, JP 8-062498, or JP 10-010426 to the USPTO during the prosecution on the '253 Patent.

32.     Upon information and belief, the '253 Applicants withheld from the Examiner, with deceptive intent, the existence of JP 8-327906, JP 8-160298, JP 8-062498, and JP 10-010426.

33.     Upon information and belief, but for the failure of the '253 Applicants to cite the omitted art, the claims of the '253 Patent would have been rejected and would not have been granted in their issued form.

34.     Upon information and belief, the omissions of material information alleged herein, taken alone or in combination, constitute inequitable conduct before the USPTO rendering the '253 Patent unenforceable.

35.     Defendant Motorola seeks a declaration that the '253 Patent is unenforceable.

<u>COUNT IV</u>
**(Patent Unenforceability – Inequitable Conduct as to the '191 Patent)**

36.     Counter-claimant Motorola incorporates by reference and re-avers Paragraphs 1 through 35 above.

37.     An actual controversy exists between Motorola and Fujinon concerning the enforceability of the '191 Patent by virtue of the allegations of Fujinon's Complaint in this action.

38.     Upon information and belief, the '191 Patent is unenforceable due to inequitable conduct before the USPTO committed by one or more persons substantively involved in the prosecution of the '191 Patent Application ("the '191 Applicants"), in violation of their duties to the USPTO of candor and good faith, and their duty to disclose material references..

39.     The application for the '191 Patent was filed on March 3, 2004, as U.S. Application No. 10/790,758 ("the '191 Patent Application").  The '191 Patent claims priority to JP 2003-094151, filed on May 31, 2003.  The '191 Patent was issued on November 1, 2005.

40.     Independent claim 1 of the corresponding Japanese patent application as initially filed was similar in scope to claim 1 of the '191 Patent.

41.     Claim 1 of the corresponding Japanese patent application and claim 1 of the '191 Patent each recites a first, second, and third lens component, with similar features required for each.

**Failure To Disclose JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097,
<u>JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208, and JP 62-005211</u>**

42.     JP 11-052227 was filed on July 31, 1997, published on February 26, 1999, and is prior art to the '191 Patent.

43.    JP 11-052227 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 11-052227 would have been material to the examination of the '191 Patent Application.

44.    JP 10-111452 was filed on October 7, 1996, published on April 28, 1998, and is prior art to the '191 Patent.

45.    JP 10-111452 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 10-111452 would have been material to the examination of the '191 Patent Application.

46.    JP 9-281388 was filed on April 15, 1996, published on May 20, 1997, and is prior art to the '191 Patent.

47.    JP 9-281388 as cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 9-281388 would have been material to the examination of the '191 Patent Application.

48.    JP 8-234097 was filed on February 28, 1995, published on September 13, 1996, and is prior art to the '191 Patent.

49.    JP 8-234097 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 8-234097 would have been material to the examination of the '191 Patent Application.

50.     JP 63-271213 was filed on April 28, 1987, published on November 9, 1988, and is prior art to the '191 Patent.

51.     JP 63-271213 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application. JP 63-271213 would have been material to the examination of the '191 Patent Application.

52.     JP 62-116915 was filed on November 15, 1985, published on May 28, 1987, and is prior art to the '191 Patent.

53.     JP 62-116915 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application. JP 62-116915 would have been material to the examination of the '191 Patent Application.

54.     JP 62-109014 was filed on November 8, 1985, published on May 20, 1987, and is prior art to the '191 Patent.

55.     JP 62-109014 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application. JP 62-109014 would have been material to the examination of the '191 Patent Application.

56.     JP 62-030208 was filed on August 1, 1985, published on February 9, 1987, and is prior art to the '191 Patent.

57.     JP 62-030208 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference

highly relevant to the claims of the corresponding Japanese patent application.  JP 62-030208 would have been material to the examination of the '191 Patent Application.

58.     JP 62-005211 was filed on July 1, 1985, published on January 12, 1987, and is prior art to the '191 Patent.

59.     JP 62-005211 was cited by the JPO during prosecution of the corresponding Japanese patent application to the '191 Patent. The JPO considered this reference highly relevant to the claims of the corresponding Japanese patent application.  JP 62-005211 would have been material to the examination of the '191 Patent Application.

60.     The JPO rejected independent claim 1 of the corresponding Japanese patent application, citing JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097, JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208, and JP 62-005211.

61.     During pendency of the '191 Patent Application before the USPTO, the named inventor of the '191 Patent, Fujinon's Japanese Patent Attorney of record, and others participated in an interview with the JPO Examiner to discuss the rejection and cited Japanese references.

62.     After the interview, the '191 Applicants substantially amended claim 1 of the corresponding Japanese patent application. The added limitations are not present in at least Claim 1 of the '191 Patent.

63.     The '191 Applicants never disclosed JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097, JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208, or JP 62-005211 to the USPTO during the prosecution on the '191 Patent.

64.    Upon information and belief, the '191 Applicants withheld from the Examiner, with deceptive intent, the existence of JP 11-052227, JP 10-111452, JP 9-281388, JP 8-234097, JP 63-271213, JP 62-116915, JP 62-109014, JP 62-030208, and JP 62-005211.

65.    Upon information and belief, but for the failure of the '191 Applicants to cite the omitted art, the claims of the '191 Patent would have been rejected and would not have been granted in their issued form.

66.    Upon information and belief, the omissions of material information alleged herein, taken alone or in combination, constitute inequitable conduct before the USPTO rendering the '191 Patent unenforceable.

67.    Defendant Motorola seeks a declaration that the '191 Patent is unenforceable.

**COUNT V**
**(Patent Unenforceability – Inequitable Conduct as to the '295 Patent)**

68.    Counter-claimant Motorola incorporates by reference and re-avers Paragraphs 1 through 67 above.

69.    An actual controversy exists between Motorola and Fujinon concerning the enforceability of the '295 Patent by virtue of the allegations of Fujinon's Complaint in this action.

70.    Upon information and belief, the '295 Patent is unenforceable as a result of inequitable conduct committed during prosecution of the '253 Patent and the '191 Patent, whose applications (a) were prosecuted at the same time as the '295 Patent, (b) involve similar technology as the '295 Patent, and (c) are being asserted together against Motorola with the '295 Patent in this action.  Accordingly, the inequitable conduct committed during the prosecution of

the '253 Patent and the '191 Patent renders the '295 Patent unenforceable under the Doctrine of Infectious Unenforceability.

71.     Defendant Motorola seeks a declaration that the '295 Patent is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, with respect to its Answer and Counterclaims, Motorola requests that this Court enter judgment:

(A)     Dismissing the Complaint with prejudice and denying each request for relief made by Plaintiff;

(B)     Declaring that the '295 Patent, '253 Patent, and '191 Patent are not infringed, directly or indirectly, by Motorola's products;

(C)     Declaring that the '295 Patent, '253 Patent, and '191 Patent are invalid;

(D)     Declaring that the '295 Patent, '253 Patent, and '191 Patent are unenforceable due to inequitable conduct;

(E)     Enjoining Fujinon, and anyone acting in concert with Fujinon, from accusing Motorola, its suppliers or customers of infringing or otherwise attempting to enforce the '295 Patent, '253 Patent, and '191 Patent;

(F)     Adjudging this to be an exceptional case under 35 U.S.C. § 285 and awarding Motorola its attorney's fees, costs, and expenses;

(G)     Awarding Motorola such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Of Counsel:*

Robert C. Morgan
Padmaja Chinta
ROPES & GRAY LLP
1211 Avenue of Americas
New York, NY  10036
(212) 596-9000

*Attorneys for Defendant Motorola, Inc.*

James R. Myers
Marina N. Len
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Suite 900
Washington, DC  20005-3948
(202) 508-4600

April 3, 2008
2281842

### CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Christopher Page Simon, Esquire
> CROSS & SIMON, LLC

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 3, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Christopher Page Simon, Esquire
Sean T. O'Kelly, Esquire
CROSS & SIMON, LLC
913 North Market Street
11th Floor
Wilmington, DE 19801
**csimon@crosslaw.com**
**sokelly@crosslaw.com**

**BY E-MAIL**

Quentin R. Corrie, Esquire
BIRCH, STEWART, KOLASCH & BIRCH, LLP
**qrc@bskb.com**

Charles Gorenstein, Esquire
BIRCH, STEWART, KOLASCH & BIRCH, LLP
**cg@bskb.com**

Robert J. Kenney, Esquire
BIRCH, STEWART, KOLASCH & BIRCH, LLP
**rjk@bskb.com**

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

2164866