IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUJINON CORPORATION, <br> a Japanese corporation, <br><br>     Plaintiff and <br>     Counterclaim-Defendant, <br><br> v. <br><br> MOTOROLA, INC., <br> a Delaware corporation, <br><br>     Defendant and <br>     Counterclaim-Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 07-533 (GMS) (LPS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATED PROTECTIVE ORDER

1.    This Protective Order governs the designation, disclosure, and use of confidential and highly confidential information by the parties in the above-identified action. This Protective Order shall govern until modified or superseded by a further order of this Court.

2.    In this Protective Order the term "Confidential Information" or "Highly Confidential Information" shall mean information so designated by a party in compliance with this Protective Order. Information so designated may be all or part of a document or thing, testimony, interrogatory, answer, admission, or other form of evidence or discovery including electronically stored information.

3.    Any party may:

    (a)    Designate as "Confidential Information," any information or thing used by it in or pertaining to its business which is not generally known and which the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, provided that the information is confidential business or financial information or trade secrets relating to the designating party's business, such as information relating to product design or

manufacturing techniques, processing information, formulae, research and development information, customer lists, or sales, cost, or pricing information (actual or projected); or

        (b)    Designate as "Highly Confidential Information," Confidential Information, as defined in 3(a) above, which relates to financial information, customer information, sales information, non-public patent applications and related communications, product pricing, future pricing, marketing strategies, strategic planning information, agreements with third parties and related correspondence, information concerning development activities for products, technical information for products, manufacturing methods, and any other information that the designating party believes in good faith would risk irreparable competitive injury if disclosed to any person other than a person identified in paragraph 9.

4.    A party may designate material as Confidential or Highly Confidential Information at the time it produces the material or within fifteen (15) days thereafter. In the case of deposition testimony, the testimony or any portion thereof may be designated as Confidential or Highly Confidential Information at the deposition or within fifteen (15) days after receipt of the deposition transcript.

5.    Confidential or Highly Confidential Information shall be designated during discovery by the following procedure:

        (a)    When a document to be produced for inspection contains Confidential or Highly Confidential Information, the producing party shall so notify the inspecting party. A document produced for inspection for which such notice has been given shall be inspected only by persons identified in paragraph 8 (for Confidential Information) or paragraph 9 (for Highly Confidential Information) of this Protective Order.

(b) When an inspecting party requests a copy of a document, the producing party shall designate the copy as containing Confidential or Highly Confidential Information by marking, according to the provisions of paragraph 6, the first page of the copy and each page of the copy that is or contains such information.

(c) When deposition testimony is or contains Confidential or Highly Confidential Information, any attorney of record present may designate that testimony as containing Confidential or Highly Confidential Information by notifying others present on the record of the deposition. The deposition reporter shall then so mark each page of the transcript that reports designated testimony. Alternatively, any party may, until and including fifteen (15) days after receipt of a copy of said deposition transcript, designate by page and line or exhibit description those portions of the transcript or exhibits which contain Confidential or Highly Confidential Information. All transcripts and exhibits from depositions taken in this action shall be deemed to contain Highly Confidential Information until and including fifteen (15) days after receipt of a copy of said deposition transcript by all counsel of record for the parties. The parties may also designate the entire deposition testimony of a witness as containing Confidential or Highly Confidential Information. If no such designation is made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall not be deemed to contain Confidential or Highly Confidential Information.

(d) When responses to interrogatories or requests to admit contain Confidential or Highly Confidential Information, the responding party shall mark the cover page and each succeeding page of its response that contains Confidential or Highly Confidential Information pursuant to paragraph 6.

3

(e) When the inspecting party requests a copy of electronically stored information, the producing party shall designate the storage medium for the electronically stored information as containing Confidential or Highly Confidential Information by marking the external surface or storage envelop of the storage medium, according to the provisions of paragraph 6. Furthermore, to the extent reasonably feasible, the producing party shall also designate each electronically stored file within the storage medium as containing Confidential or Highly Confidential Information by marking each designated file, according to the provisions of paragraph 6.

(f) Any Confidential or Highly Confidential documents produced prior to the entry of this Protective Order which were not marked as Confidential or Highly Confidential or were erroneously marked shall be marked by the producing party in accordance with this Protective Order within ten (10) days following entry of this Protective Order.

6. Confidential or Highly Confidential Information shall be marked pursuant to paragraph 5 of this Protective Order by the placement, electronically or otherwise, of an appropriate stamp, sticker, or other indicia of substantially the following form:

**CONFIDENTIAL – Case No. 07-cv-533 (D. Del.)**

**HIGHLY CONFIDENTIAL INFORMATION – Case No. 07-cv-533 (D. Del.)**

7. Any Confidential or Highly Confidential Information or any document incorporating Confidential or Highly Confidential Information that is filed or lodged with the Court shall be marked on the first page, sealed, and delivered to the Clerk of the Court, and shall not be available for public inspection. The envelope used to seal such information or document shall carry the appropriate notation:

**CONFIDENTIAL INFORMATION**
The contents of this envelope are subject to a Protective Order.
United States District Court for the District of Delaware
*Fujinon Corporation v. Motorola, Inc.*
Civil Action No. 07-533-GMS-LPS

**HIGHLY CONFIDENTIAL INFORMATION**
The contents of this envelope are subject to a Protective Order.
United States District Court for the District of Delaware
*Fujinon Corporation v. Motorola, Inc.*
Civil Action No. 07-533-GMS-LPS

The Clerk shall maintain such information or document under seal subject to further order of the Court

 8. Confidential Information may be disclosed only to persons in the following categories who have the actual need to review Confidential Information:

  (a) Outside attorneys working for a law firm with an appearance for a party in this action;

  (b) Any non-attorney support staff who is employed as a regular employee by a law firm working directly for an attorney authorized to review Confidential Information pursuant to paragraph 8(a) above;

  (c) Up to two (2) employees for the parties to this litigation, who are primarily responsible for managing and assisting with the case and to whom it is necessary that the material be shown for purposes of this litigation, provided that, before any Confidential Information is disclosed to any such in-house person, counsel desiring to disclose Confidential Information shall first provide a copy of an acknowledgment form, shown as Appendix A to this Protective Order, that has been completed and signed by each such person and forward a copy to counsel for the designating party. For purposes of paragraph 8(c), an employee includes those who are employed by a party to the litigation or a parent, subsidiary, or sister company thereof;

  (d) Any non-attorney support staff who is employed as a regular employee by an in-house legal department working directly for an in-house person authorized to review Confidential Information pursuant to paragraph 8(c) above;

  (e) Actual or potential independent (outside) expert(s) or consultant(s) who have been qualified to have access to Confidential Information as provided in paragraph 10 of this Protective Order;

  (f) Any personnel of the Court and court reporters/videographers and translators retained to record and/or transcribe testimony in this action;

  (g) Any employee of the party that produced the Confidential Information. This paragraph will not prevent the disclosure, during a deposition, of a document containing Confidential Information or Highly Confidential Information to a deponent who was an employee of the disclosing party when the document containing the Confidential or Highly Confidential Information was created. Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored by, received by or shown to that deponent during his or her employment by the party. If the deponent indicates that the document was authored by, received by or shown to him or her during his or her employment, paragraph 8(i) shall apply, and the deponent may be further examined on the contents of the document;

  (h) Personnel of photocopy firms, jury advisors or graphics firms engaged by a party;

  (i) Former employees or former consultants of the party that produced the Confidential or Highly Confidential Information who authored, received, or was shown the Confidential or Highly Confidential Information during their employment by the Party; or

(j)     Any other person designated by this Court after notice and hearing to all parties.

9.     Highly Confidential Information may be shown to any of the persons identified above in paragraph 8 except that Highly Confidential Information may not be shown or disclosed by the party receiving the Highly Confidential Information to any individual described in paragraphs 8(c-d) above.

10.     Any party may qualify outside experts or consultants for access to Confidential or Highly Confidential Information, subject to paragraphs 8 and 9 above. An expert or consultant shall be qualified for access to such information as follows:

(a)     The party seeking to have an expert or consultant qualified for access shall provide counsel of record for each party with a statement indicating whether the proposed access is to Highly Confidential Information or to Confidential Information, a curriculum vitae for that expert or consultant, and a copy of an acknowledgment form, shown as Appendix A to this Protective Order, that has been completed and signed by that expert or consultant. The curriculum vitae shall identify all consulting relationships and work experience within the past five (5) years.

(b)     The opposing party shall have seven (7) business days after receipt of the curriculum vitae and acknowledgment form pursuant to paragraph 10(a) above in which to deliver to the party seeking to qualify the expert or consultant any written objection to the disclosure of Confidential or Highly Confidential Information to said expert or consultant. If the parties are unable to resolve the objection informally, either party may move this Court for an appropriate order. Confidential or Highly Confidential Information shall not be disclosed to an expert or consultant until the expiration of the seven-business-day period for the opposing party

to make an objection, or if such objection is made, until the resolution of the objection, whether formally or informally.

(c) When a corporation or other organization is engaged as an expert or consultant by a party or its counsel of record, the corporation or organization may become qualified to review Confidential or Highly Confidential Information under this Protective Order only upon the qualification of each person within such organization or corporation who has access to the Confidential or Highly Confidential Information.

11. Either party may disclose Confidential or Highly Confidential Information in a Court proceeding in connection with this litigation, such as a hearing or trial, upon consent of the designating party, or under such safeguards as the Court may deem appropriate. The Confidential or Highly Confidential Information shall not lose its confidential status through such use, provided that the parties to this action take steps reasonably calculated to protect the confidentiality during such use.

12. (a) The substance or content of any Confidential Information, as well as any notes, abstracts, copies, summaries, and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain Confidential Information pursuant to this Protective Order, and any such notes, abstracts, copies, summaries, and memoranda shall be treated as Confidential Information in all respects.

(b) The substance or content of any Highly Confidential Information, as well as any notes, abstracts, copies, summaries, and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain Highly Confidential Information pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as Highly Confidential Information in all respects.

(c) Notwithstanding the restrictions of this paragraph, an attorney qualified to receive Confidential or Highly Confidential Information under this Protective Order shall not be precluded from rendering legal advice to or discussing with his or her client the merits of any issue in this litigation, as long as the specific substance or content of Confidential or Highly Confidential Information is not revealed to a person not qualified to receive such Confidential or Highly Confidential Information under the terms of this Protective Order.

13. All Confidential or Highly Confidential Information shall be used solely in preparation for trial and/or appeal of the above-identified action and in any related pleading or motion. These materials shall not be used or disclosed at any other time or for any other purpose whatsoever.

14. It shall be the duty and responsibility of counsel of record to ensure that documents and things containing Confidential or Highly Confidential Information subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review Confidential or Highly Confidential information under this Protective Order. Confidential or Highly Confidential Information of the producing party shall not be kept on any of the premises of the receiving party. Counsel of record shall be directly responsible to the court for fulfilling these responsibilities.

15. The inadvertent or unintended disclosure by a party of privileged, Confidential, or Highly Confidential Information including, but not limited to, an inadvertent failure to designate as Confidential or Highly Confidential within the time periods prescribed by this Protective Order, shall not be deemed a waiver in whole or in part of a subsequent claim of privilege or protection under this Protective Order, either as to the specific information disclosed or as to any

other information, provided that the inadvertent or unintended disclosure is promptly identified by the disclosing party and notice of the claim of privilege or protection is given to the other party. If a producing party through inadvertence produces or provides discovery of any Confidential or Highly Confidential Information without marking it as provided in paragraph 6, or otherwise designating it as Confidential or Highly Confidential Information, the producing party may give written notice to the receiving party that the information or material is Confidential or Highly Confidential Information and should be treated in accordance with the provisions of this Protective Order. The receiving party must treat such information or material as Confidential or Highly Confidential from such date that notice is received. Disclosure of such information or material prior to receipt of such notice to person(s) not authorized to receive Confidential of Highly Confidential Information shall not be deemed a violation of this Protective Order. However, those persons to whom disclosure was made are to be advised by the party disclosing the information to the person(s) not authorized that the material or information disclosed is Confidential or Highly Confidential Information and must be treated in accordance with this Protective Order.

      16.    A party shall not be obligated to challenge the propriety of any designation of Confidential or Highly Confidential Information at the time of designation, and a failure to do so shall not preclude a subsequent challenge to the designation. If a party objects to any designation of such information, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, either party may seek appropriate relief from the Court. The burden of showing entitlement to a designation of Confidential or Highly Confidential Information shall be on the designating party. Pending

resolution of an objection, the designated material shall be treated as Confidential Information or Highly Confidential Information in accordance with the designation.

17. Within forty-five (45) days after the termination of this action by settlement or final, non-appealable order, the originals and all copies of Confidential or Highly Confidential Information shall be destroyed or given to the party that produced such information, or to its attorney, except that a copy of such information appended to a pleading and a copy of each deposition transcript containing such information may be retained in the files of outside counsel representing plaintiff and outside counsel representing defendant. Any information so retained shall be maintained pursuant to this Protective Order, and by retaining the information, that outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.

18. Counsel of record for each party shall maintain the original signed acknowledgments.

19. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

20. If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to

produce the information shall give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order. When such written notice is given to the third party, the party requested to produce the information will advise the potential receiving party that such notice has been given. The third party shall have thirty (30) days from receipt of the written notice in which to seek relief from the Court, if the third party so desires. If the thirty (30) days elapse without the third party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

21. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the court shall retain jurisdiction for enforcement of this Protective Order.

22. Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Protective Order and designate documents, things, or testimony containing Confidential or Highly Confidential Information in accordance with the provisions of this Protective Order.

23. Either party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order with respect to Confidential or Highly Confidential Information, as that party may consider appropriate, including such information that it may have relating to third parties to this action.

24. Nothing in this Protective Order shall be deemed to be, or construed as, an admission that any Confidential or Highly Confidential Information is relevant or otherwise

admissible in evidence, and the parties expressly reserve all objections as to the admissibility of any Confidential or Highly Confidential Information at trial.

25.  The restrictions and obligations set forth herein relating to Confidential and Highly Confidential Information shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a receiving party, or (iii) has come or shall come into the receiving party's legitimate possession independently of the producing party.

26.  All materials produced pursuant to Delaware Local Rule 26.2 prior to entry of this Protective Order shall be redesignated in a manner consistent with this Order within ten (10) business days of receipt hereto, unless such materials have already been designated in a manner consistent with this Protective Order.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | CROSS & SIMON, LLC |
|---|---|
| */s/ Jack B. Blumenfeld* | */s/ Christopher P. Simon* |
| Jack B. Blumenfeld (#1014)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com | Christopher P. Simon (#3697)<br>Sean T. O'Kelly (#4349)<br>913 North Market Street – 11th Floor<br>P.O. Box 1380<br>Wilmington, DE 19899<br>(302) 777-4200<br>csimon@crosslaw.com<br>sokelly@crosslaw.com |
| *Attorneys for Motorola, Inc.* | *Attorneys for Fujinon Corporation* |
| *Of Counsel*: | *Of Counsel*: |
| Edward F. McCormack<br>Daniel J. Burnham<br>Russell J. Genet<br>NIXON PEABODY LLP<br>161 North Clark Street – 48th Floor<br>Chicago, IL 60601<br>(312) 425-3900 | Robert J. Graybrick<br>Nathan W. McCutcheon<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C., 20004<br>(202) 739-3000 |

Joseph Bach
NIXON PEABODY LLP
200 Page Mill Road – 2nd Floor
Palo Alto, CA 94306
(650) 320-7700

Kell M. Damsgaard
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

SO ORDERED this _____ day of June, 2008

_____
                    J.

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FUJINON CORPORATION, <br> a Japanese corporation, <br><br>     Plaintiff and <br>     Counterclaim-Defendant, <br><br> v. <br><br> MOTOROLA, INC., <br> a Delaware corporation, <br><br>     Defendant and <br>     Counterclaim-Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 07-533 (GMS) (LPS) |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

1.  My full name is: _____

2.  My address is: _____

3.  My present employer is: _____

4.  My job description is: _____

5.  I also serve as an employee, agent, officer, or director of the following entities:

    _____

    _____

6.  I hereby acknowledge that I have received a copy of the Protective Order entered in the above referenced action. I have carefully read and understand the provisions of this Protective Order. I agree to be bound by, and to comply fully with, all of the provisions of this Protective Order.

1

7.    I agree not disclose any Confidential or Highly Confidential Information to anyone not qualified for access to that information under this Protective Order. I agree to use any such information with respect to this action only.

8.    I will, when requested, return all Confidential or Highly Confidential Information that comes into my possession, and all documents or things which I have prepared relating to such information, to an attorney representing the party that provided the information to me.

9.    I submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

10.    I declare that all statements made herein are true and accurate and understand that any willful false statement is punishable by fine or imprisonment.

DATED this ___ day of _____ ,20__.

_____
Signature